IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ARTHUR STEWART NICKENS                                                              PLAINTIFF

VS.                                                             CIVIL ACTION NO.: 3:13-cv-199-JMV

MILTON WILLIAMS, JR., ET AL.                                                     DEFENDANTS

## ORDER

This matter comes before the court on Defendant Jimmy Miller's Motion to Dismiss [8] and Defendant Barringer Chevrolet Company's Motion to Dismiss [13]. The court has considered the motions and finds they are well taken in as much as the complaint fails to state a recognizable claim against any named defendant. However, in view of the plaintiff's pro se status, the motions will remain on the docket. The Plaintiff, Mr. Arthur Nickens, will be allowed fourteen (14) days to amend his complaint to comply with the pleading standards of *Twombley* and *Iqbal*. Should Mr. Nickens elect to amend his complaint, the court will reconsider its findings in light of the amended complaint. It will rule on the defendants' motions to dismiss at that time. If Mr. Nickens does not amend his complaint to adequately state a claim against each defendant as to such defendant, this case will be dismissed.

A pleading must contain a short and plain statement of the claim, showing the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Originally, notice pleading was sufficient. *Conley v. Gibson*, 355 U.S. 41 (1957). But, in *Bell Atlantic Corp. v. Twombley* and *Ashcroft v. Iqbal*, the Supreme Court overruled *Conley* and heightened pleading requirements to a *plausibility* standard. 550 U.S. 544 (2007); 556 U.S. 662 (2009) (emphasis added). Now, sufficient facts must be alleged to shift a claim from possible to plausible. *Bell Atlantic Corp.*, 550 U.S. at 570. To cross into "the realm of plausible liability," the allegations must be factual and suggestive,

not conclusory or neutral. *Id.* at 557 n.7. The plausibility standard does not require the claims to be "likely" or "probably" true. *Iqbal*, 556 U.S. at 677. But, claims may not assert mere listing of elements, bare legal conclusions, and "unadorned, the-defendant-unlawfully-harmed-me" accusations. *Id.* The Fifth Circuit recognizes this heightened pleading requirement for 42 U.S.C. § 1983 cases. *Prince v. Curry*, 423 Fed. App'x 447, 450 (5th Cir. 2011); *see also Spiller v. City of Tex. City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997) ("The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.")

Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 51 U.S. 89, 93 (2007). "A pro se complaint is to be construed liberally with all well-pleaded allegations taken as true." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). However, a liberally construed pro se complaint must still present enough facts giving rise to a claim on which relief may be granted. *Id.*; *see also Levitt v. University of Texas at El Paso*, 847 F.2d 221, 2254 (5th Cir. 1988). The court will evaluate the allegations' sufficiency based on the face of the plaintiff's complaint. *Johnson*, 999 F.2d at 100 (5th Cir. 1993).

To have a viable claim under 42 U.S.C. § 1983, a plaintiff must allege two things. First, he must allege a violation of rights secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). Second, he must demonstrate the alleged deprivation was committed by a person acting under color of state law. *Id.* The plaintiff's complaint must specifically allege which federal right was violated. Generally, a person acts under color of state law if the alleged wrongful actions were taken through the wrongdoer's authority as granted by state law. *Id.*

Mr. Nickens fails to state a claim upon which relief may be granted as to any of the defendants. Rather, his complaint contains bald assertions, and the court cannot discern the claims alleged. Mr. Nickens has not alleged any federal law violations upon which to bring a § 1983 action. The complaint simply states it is a "Federal Civil Rights Complaint," with no mention of the federal civil rights violated. The § 1983 statute creates a cause of action, but it does not grant any civil rights. The complaint goes on to describe the defendants and some barren facts of the case, but it never states the grounds upon which relief is sought. No specific cause of action is stated. Without such specificity, this court cannot find the complaint meets the plausible pleading requirement of *Twombley* and *Iqbal*, even if the complaint is liberally construed. Accordingly, this court cannot determine any grounds for which relief may be granted.

In conclusion, this court will permit Mr. Nickens fourteen (14) days to craft a complaint stating a plausible cause of action against the defendants. The complaint must identify each cause of action asserted, and some facts, when viewed as true, from which the court can infer plausibility of the cause of the action.

**IT IS, THEREFORE, ORDERED**:

(1) The Defendants' Motions to Dismiss shall remain on the docket; and

(2) The Plaintiff shall file an amended complaint within fourteen (14) days of the date of this order or this case will be dismissed.

**SO ORDERED**, this the 25th day of November, 2013.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**