# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

ARTHUR STEWART NICKENS                                                    PLAINTIFF

VS.                                               CIVIL ACTION NO.: 3:13-cv-199-MPM-JMV

MILTON WILLIAMS, JR., ET AL.                                             DEFENDANTS

## REPORT AND RECOMMENDATION OF DISMISSAL

This matter is before the court for a report and recommendation by the undersigned Magistrate Judge on Defendant Officer Milton Williams, Jr.'s Motion to Dismiss for Failure to State a Claim [37]. Upon due consideration of this case and the applicable law, the court finds the pro se plaintiff's amended complaint against Officer Williams should be dismissed for the reasons hereafter discussed.

## Facts

On May 27, 2012, Plaintiff's wife, Sherry Smith, was driving his truck on Eighth Street in downtown Lambert, Mississippi. *See* Am. Compl. [24] at 2. Around midnight, Smith was stopped by Officer Williams under suspicion of driving under the influence (DUI). *Id.* After pulling Smith over, Officer Williams alleges he asked her to submit to a breathalyzer test. When she refused, Officer Williams arrested her for DUI under Mississippi Code § 63-11-30(1)(a). *See* Ex. A to Def. Williams' Mem. in Supp. of Mot. to Dismiss [38-1]. Smith was charged with a first offense DUI, disorderly conduct, and failure to have a driver's license. *See* Ex. B. to Def.'s Mem. in Supp. of Mot. to Dismiss [38-2]. After placing Smith under arrest, Officer Williams requested the truck she was driving be towed away from the scene. *See* Am. Compl. [24] at 2. Accordingly, Barringer Motor Company ("Barringer") towed the vehicle and stored it on

Barringer's property. *Id.* Plaintiff does not allege in his Amended Complaint anyone else, including himself, was available to drive the vehicle away from the scene.

On June 25, 2012, Barringer sent Plaintiff a certified letter notifying him his truck would be sold on July 16, 2012, if he did not request return of the truck and did not pay the accrued towing and storage fees. *See* Mem. in Supp. of Def. Barringer's Mot. to Dismiss [14] at 9. Plaintiff received the certified letter and signed for it, but did not attempt to retrieve the truck. *Id.* at 11. Barringer sent a second certified letter on July 6, 2012, to Plaintiff, notifying him of the impending sale of the truck. *Id.* at 10. Plaintiff's wife signed for the second certified letter. *Id.* at 11. Again, Plaintiff did not contact Barringer about the truck. On August 30, 2012, Plaintiff's wife pled guilty to DUI, first offense in Quitman County Justice Court. *See* Ex. C. to Def.'s Mem. in Supp. of Mot. to Dismiss [38-3]. On November 30, 2012, Barringer sold Plaintiff's truck for $955, leaving over $400 in unpaid towing and storage fees. *See* Mem. in Support of Def. Barringer's Mot. to Dismiss [14] at 16. Plaintiff's Amended Complaint does not allege Officer Williams played any role in the sale of the truck by Barringer. Plaintiff had an opportunity to recover the truck by paying the accrued towing and storage fees but did not do so. Plaintiff alleges no facts indicating Officer Williams prevented Plaintiff from re-possessing the truck. Plaintiff brings suit against Officer Williams under 42 U.S.C. § 1983 for violations of his Fourteenth Amendment rights to due process of law and equal protection of the law. *See* Am. Compl. [24] at 3. Specifically, he alleges Officer Williams caused him to be deprived of his property "when he called upon Barringer Motor Co., to take charge and possession of [his] vehicle who thereafter forfeited the same without judicial process." *Id.* He seeks to recover $300,000 in compensatory damages. *Id.*

## Standard of Review

In his motion, Officer Williams seeks dismissal of Plaintiff's due process and equal protection claims pursuant to Rule 12(b)(6) – failure to state a claim upon which relief can be granted. Mem. in Supp. of Def.'s Mot. to Dismiss [38] at 3. Defendants' motion includes exhibits, referencing Plaintiff's wife's citation, arrest, and guilty plea of driving under the influence. *Id.* It also makes references to various other pleadings on this case's docket. *Id.*

Federal Rule of Civil Procedure 12 provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

FED. R. CIV. P. 12(d) (emphasis added). The Fifth Circuit has explained:

> [u]nder Rule 56, it is not necessary that the district court give ten days' notice after it decides to treat a Rule 12(b)(6) motion as one for summary judgment, but rather after the parties receive notice that the court could properly treat such a motion as one for summary judgment because it has accepted for consideration on the motion matters outside the pleadings, the parties must have at least ten days before judgment is rendered in which to submit additional evidence.

*Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir.1990) (internal quotation marks omitted) (citing *Clark v. Tarrant Cnty., Texas*, 798 F.2d 736, 746 (5th Cir.1986)). "A party is on notice of the possibility that a court may convert a Rule 12(b)(6) motion into a motion for summary judgment ten days after a party submits evidence outside of the pleadings and that evidence is not excluded by the court." *Bowers v. Nicholson*, No. H–07–1910, 2007 WL 3047223, at * 4 (S.D.Tex. Oct.18, 2007) (internal citation omitted). This court has most recently accepted such a conversion from a Motion to Dismiss to a Motion for Summary Judgment in

*McNair v. Mississippi*. *See* No. 4:13–CV–00127–DMB–JMV, 2014 WL 4181847, at *1 (N.D. Miss. Aug. 21, 2014).

Officer Williams submitted matters outside the pleadings in his Motion to Dismiss. *See* Mem. in Supp. of Def.'s Mot. to Dismiss [38]. Therefore, Defendants' motion should be treated as one for summary judgment.

Summary judgment is warranted under Rule 56(c) when evidence reveals no genuine dispute regarding any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075.

## Analysis

### I. Plaintiff Fails To State a Plausible Due Process Claim Against Officer Williams.

#### A. Officer Williams' Decision to Have Plaintiff's Truck Towed Did Not Violate His Constitutional Rights.

Under *South Dakota v. Opperman*, "[t]he authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." 428 U.S. 364, 369 (1976) (positing police impoundment of vehicles serves three needs: the protection of the owner's property while it remains in police custody, the protection of the police against claims or disputes over lost or stolen property, and the protection of the police from potential danger). Thus, the "impoundment" of a vehicle is constitutionally "permissible so long as it [i]s carried out in furtherance of a community caretaking function." *U.S. v. Castro*, 166 F.3d 728, 734 (5th Cir. 1999) (citation omitted). Further, when a driver is arrested and no one is present to take custody of the vehicle, a law enforcement official does not violate the vehicle owner's constitutional rights by calling a towing company to remove the vehicle from the roadside. *See U.S. v. McKinnon*, 681 F.3d 203, 209 (5th Cir. 2012) (holding the community caretaking function includes impoundment of a vehicle when it "could not lawfully be driven away from the scene," would have been "left on a public street where it could have become a nuisance" or "could have been stolen or damaged").

Plaintiff neither contends Officer Williams unlawfully arrested his wife for DUI nor alleges anyone present at the scene could have driven the truck away. Therefore, he does not offer enough specific facts to show a plausible due process violation based on Officer Williams' decision to arrange for the truck to be towed. Officer Williams' decision to have the truck towed falls within his community caretaking function to ensure the vehicle did not impede traffic and to

ensure it was not stolen or damaged. With no material facts presented to establish a genuine issue for trial, the court finds Officer Williams is entitled to judgment as a matter of law.

### B. Officer Williams is Entitled to Qualified Immunity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Although [qualified immunity is] nominally an affirmative defense, the plaintiff has the burden to negate the defense once properly raised." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). To rebut a defendant's qualified immunity defense, the plaintiff must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al–Kidd*, 131 S.Ct. 2074, 2080 (2011) (citation omitted). "'Clearly established" means that the 'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Thompson v. Upshur County*, 245 F.3d 447, 457 (5th Cir. 2001) (citation omitted). Therefore, a defendant is entitled to qualified immunity "unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution[.]" *Id.* (emphasis in original).

Officer Williams did not violate clearly established law by ordering Plaintiff's truck be towed after validly arresting his wife. A reasonable official would not have known causing the truck to be towed from the side of the road, when no responsible driver was present, violated Plaintiff's due process rights. *See Cooper v. Worsham*, No. 4:07-cv-32, 2007 WL 4106456, at *5 (W.D. Va. Nov. 19, 2007) ("Police officers are allowed to have a car towed to remove it from

a public street after an arrest of the driver. . . . Further, even if it could be established that this did violate his constitutional rights, this right is not clearly established and, thus, qualified immunity would apply.") (citation omitted); *Vajk v. Galvin*, No. 99-C-1857, 2000 WL 709155, at *4 (N.D. Ill. April 21, 2000) ("[Plaintiff] cites no authority for the proposition that a police officer may not tow an arrestee's vehicle from a hospital road/driveway. . . . And so Galvin is also entitled to qualified immunity in connection with his last challenged act, the towing of [Plaintiff's] truck."). For these reasons, Officer Williams is entitled to qualified immunity, and Plaintiff's due process claim should be dismissed.

### C. Officer Williams Did Not Cause the Alleged Due Process Violation.

Section 1983 liability for deprivation of constitutional rights must be predicated on personal involvement. *See, e.g.*, *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.") (citation omitted). In a complaint for a § 1983 cause of action, the plaintiff must allege the defendant was personally involved in the alleged violation of constitutional rights. *See Hamilton v. Foti*, 372 Fed. App'x 480, 486 (5th Cir. 2010).

Plaintiff fails to offer any facts suggesting Officer Williams was personally involved in the alleged due process violation – Barringer's sale of his truck without judicial process. Rather, he alleges Officer Williams "caused [the] deprivation[.]" *See* Am. Compl. [24] at 3. Plaintiff offers no facts inferring Officer Williams did anything other than request the truck be towed away from the scene. Accordingly, Plaintiff's due process claim against Officer Williams based on the ultimate sale of the truck fails, and summary judgment for defendant on this claim is warranted . *See, e.g.*, *Medlar v. City of Brookpark*, No. 1:12–CV–2077, 2013 WL 123639, at *5 (N.D. Oh. Jan. 9, 2013) (dismissing § 1983 claim against city for loss of car sold by towing

company following plaintiff's arrest where the complaint contained no allegations city employees "had further involvement in the disposition of the car or its contents"); *Bush v. O'Brien*, No. C 09–0947 RS (PR), 2010 WL 3324959, at *3 (N.D. Cal. 2010) (holding plaintiff failed to state a Fourteenth Amendment claim that "his property was taken by the government for public use as the money received for the sale of the vehicle went to the towing company, not the government").

Plaintiff further contends the truck should not have been sold prior to the disposition of his wife's DUI case. Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss [23] at 1. Specifically, he claims, "Mississippi Code § 63-11-49 prohibits the sale of a vehicle seized under Mississippi Code § 63-11-30(2)(c) or (d) during the adjudication of a DUI case." *Id.* This Court has rejected this argument because this statute only applies to vehicles seized after the driver has been charged with a second or third DUI offense. *See* Report and Recommendation [31] at 2-3. Plaintiff's wife was arrested, charged with, and pled guilty to DUI, first offense.[1] *See* Ex. C. to Def.'s Mem. in Supp. of Mot. to Dismiss [38-3]. Therefore, this contention has no merit, and Officer Williams is entitled to judgment as a matter of law.

## II. Plaintiff Fails to State a Valid Equal Protection Claim.

To establish a claim under the Equal Protection Clause, a plaintiff "must allege and prove that he received treatment different from that received by similarly situated individuals and that

---

[1] As this Court has already found, the appropriate law pertaining to this case is Mississippi Code § 85-7-251[.]" *See* Report and Recommendation [31] at 3. That statute provides in relevant part:

> The owner of a motor vehicle that has been towed . . . *at the direction of a law enforcement officer* . . . shall be liable for the reasonable price of towing and storage of such vehicle; and the towing company to whom the price of such labor and storage costs may be due shall have the right to retain possession of such motor vehicle until the price is paid.

Miss. Code Ann. § 85-7-251(1) (emphasis added). Section 85-7-251 further provides the towing company may sell the vehicle if the owner receives notice via certified mail of the amount owed and that amount is not paid within thirty days of the initial tow. Miss. Code Ann. § 85-7-251 (2). Thus, Barringer was well within its rights to sell Plaintiff's truck after it notified him twice it would be sold if he did not pay the towing and storage costs. Of course, this Court has held Plaintiff "fail[ed] to state a cognizable claim" against Barringer, and consequently dismissed it from the case. *See* Report and Recommendation [31] at 4; Order Adopting Report and Recommendation [33]. If Plaintiff did not state a cognizable claim against Barringer, he also fails to state a cognizable claim against Officer Williams. Officer Williams did not have any state law duty or authority to prevent the sale of Plaintiff's truck. On the contrary, state law expressly authorized the sale of his truck due to his failure to pay Barringer for the price of towing and storage.

the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001).  Plaintiff does not assert any facts to support a contention that Officer Williams treated him differently than other similarly situated individuals or that Officer Williams' actions were motivated by a discriminatory intent.  Therefore, Officer Williams is entitled to judgment as a matter of law on Plaintiff's equal protection claim.

## **Conclusion**

For the foregoing reasons, it is recommended that summary judgment in favor of the defendant be entered.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained.  The parties are warned any such objections are required to be in writing and must be filed within fourteen days of this date.  Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 28th day of January, 2015.

/s/ Jane M. Virden             __
**UNITED STATES MAGISTRATE JUDGE**